# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES C. WILLIAMS,<br>    *Plaintiff*,<br><br>    v.<br><br>CITY OF HARTFORD *et al.*,<br>    *Defendants*. | No. 3:19-cv-00444 (JAM) |

## ORDER REVOKING *IN FORMA PAUPERIS* STATUS PURSUANT TO 28 U.S.C. § 1915(g)

Plaintiff Charles C. Williams is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed this lawsuit *pro se* and *in forma pauperis* against the City of Hartford and thirteen persons employed by either the City or the DOC. The complaint alleges multiple causes of action, mostly arising from defendants' alleged tampering with Williams' legal mail.

Although Williams was previously granted *in forma pauperis* status, I now conclude that he is not eligible for the benefits of this status because of his prior litigation history. Unless a prisoner is under imminent danger of serious physical injury, federal law does not allow a prisoner to proceed *in forma pauperis* if he has accumulated three or more "strikes" by reason of previously filing actions or appeals that were dismissed because they were frivolous, malicious, or otherwise failed to state a claim. *See* 28 U.S.C. § 1915(g). Because I conclude that Williams has at least four strikes, I will vacate the Court's prior order granting *in forma pauperis* status. Williams must promptly pay the full court filing fee if he wishes to proceed with this action.

## BACKGROUND

Prior to filing the action now before me, Williams filed a series of three federal lawsuits while imprisoned. I will refer to these actions respectively as the "*Williams I*," "*Williams II*," and "*Williams III*" actions.

### *The* Williams I *district court action*

The complaint in *Williams v. Hartford Police Dep't*, No. 15-cv-933-AWT (D. Conn.) ("*Williams I*") was filed in June 2015. It alleged misconduct by the City of Hartford and various employees of the Hartford Police Department that led to Williams' conviction in Connecticut state court for first degree unlawful restraint. *See Williams I*, Doc. #1; *see also State v. Williams*, 172 Conn. App. 820, *cert. denied*, 326 Conn. 913 (2017).

Over the course of three years, Judge Thompson dismissed certain counts of the complaint in *Williams I* for failure to state a claim. *See Williams I*, Doc. #8 (initial review order dismissing claims made under 42 U.S.C. § 1985 and 42 U.S.C. § 1986); Doc. #75 (dismissing all claims against Hartford Police Department on the ground that police department is not entity subject to suit); Docs. #186, #187 (dismissing false arrest and conspiracy to arrest claims). Still other counts of the complaint were resolved in favor of the defendants on summary judgment. *See Williams I*, 2017 WL 11448086 (D. Conn. 2017) (Doc. #412, granting summary judgment for defendant City of Hartford and defendant Taylor); *Williams I*, 2017 WL 11448157 (D. Conn. 2017) (Doc. #413, granting summary judgment in the entirety to defendants Hightower and Waller, and for defendant Gogins in part).

The litigation took a new turn, however, when the defendants jointly moved to dismiss the action pursuant to Fed. R. Civ. P. 11 on grounds that Williams had fabricated a document

that he used to try to defend against a motion for summary judgment.[1] After conducting a hearing, Judge Thompson granted the motion and dismissed the action with prejudice by order dated August 14, 2018. *Williams I*, 2018 WL 8731546 (D. Conn. 2018) (Doc. #456). Judge Thompson concluded in relevant part that Williams had "falsified" an exhibit, then "compounded the fraud on the court by means of the sworn verifications he submitted along with the exhibits evidence," and then "after his fraud was challenged, he lied in court and continued to insist in filings that the defendants or the Hartford Police Department submitted the doctored exhibit as part of the defendants' document production." *Id.* at *3.

### *The* Williams I *appeals*

On August 20, 2018, Williams appealed from Judge Thompson's dismissal order.[2] On the same day, he also filed a motion to alter or amend the judgment. *Williams I*, Doc. #462. On October 24, 2018, Judge Thompson denied this motion. *Williams I*, Doc. #480. Williams followed with a separate notice of appeal from this ruling on November 19, 2018. *Williams I*, Doc. #481.

---

[1] Rule 11 of the Federal Rules of Civil Procedure provides in relevant part that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "it is not being presented for any improper purpose" and that "the factual contentions have evidentiary support" and that "the denials of factual contentions are warranted on the evidence."

[2] The district court docket reflects that Judge Thompson issued his Rule 11 order dismissing the action on August 14, 2018 (Doc. #456) and then entered judgment on September 7, 2018 (Doc. #475). In the meantime, Williams filed four notices of appeal from the Rule 11 order on August 20, 2018 (Doc. #463), on August 27, 2018 (Doc. #466), on August 28, 2018 (Doc. #463), and on August 29, 2018 (Doc. #472). The first of these notices of appeal was docketed by the Second Circuit under the docket number 18-2463-cv, and the second of these notices of appeal was docketed by the Second Circuit under the docket number 18-2617-cv. On September 7, 2018, the Second Circuit *sua sponte* dismissed this second docketed appeal as duplicative of the first appeal. *See Williams v. Hartford Police Dep't*, No. 18-2617-cv, Doc. #7 (2d Cir.) ("Upon review of the docket for the above-referenced appeals it was discovered that case number 18-2617 is a duplicate of case number 18-2465. Accordingly the appeal assigned to docket number 18-2617 is hereby dismissed as duplicative.").

The Second Circuit consolidated both appeals and then issued an order dismissing the appeals on February 28, 2019 that read, in its entirety, as follows:

> Appellant, pro se, moves for appointment of counsel and leave to file an oversized brief. Upon due consideration, it is hereby ORDERED that the motion is DENIED and the appeals are DISMISSED because they "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e).

*Williams v. Hartford Police Dep't*, No. 18-2465-cv, Doc. #91 (2d Cir.); *Williams v. Hartford Police Dep't*, 18-3523-cv, Doc. #29 (2d Cir.).[3]

### *The* **Williams II** *district court action*

In December 2017, while *Williams I* was pending, Williams filed *Williams v. Hartford*, No. 3:17-cv-2098-KAD (D. Conn.) ("*Williams II*"). This suit sought $31 million in damages from four defendants—the City of Hartford, Detective Gogins, Corrections Officer Quiros, and whatever insurance companies may be covering them—principally for tampering with Williams' legal mail. *See Williams II*, Doc. #1. Judge Dooley dismissed most of the *Williams II* action in a series of orders. Two of the orders dismissed various counts for failure to state a claim. *See Williams II*, Doc. #17 (initial review order dismissing all but four claims); *Williams II*, 2019 WL 79427 (D. Conn. 2019) (Doc. #63, dismissing remaining claims except for one official-capacity claim for injunctive relief). Although Judge Dooley allowed one of the claims to proceed, Judge Dooley indicated that—if defendants transmitted certain assurances to the Court—she would

---

[3] On May 8, 2019, following the Second Circuit's issuance of its mandate, Williams filed yet another appeal from Judge Thompson's entry of judgment against him, and that separate appeal is presently pending before the Second Circuit. *Williams v. Hartford Police Dep't*, 19-1371-cv (2d Cir.). Defendants have filed briefing in the Second Circuit maintaining that the appeal should be dismissed because it was not timely filed and because it is *res judicata* barred by the Second Circuit's orders dismissing the prior two appeals. *Ibid.* (Doc. #78). But because this separate appeal remains pending, I will not address whether it may count as a strike for purposes of section 1915(g). In any event, the pendency of this appeal does not foreclose my consideration whether Judge Thompson's dismissal of the action should count as a strike for purposes of section 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

4

dismiss the remaining claim "as moot." *Williams II*, 2019 WL 418092 (D. Conn. 2019) (Doc. #74). After those assurances were duly given, Judge Dooley entered an order on March 21, 2019, dismissing the remaining claim and the action in its entirety. *Williams II*, Doc. #85.

### The Williams III *district court action*

While *Williams I* was on appeal and *Williams II* was pending before Judge Dooley, Williams filed a third lawsuit on October 12, 2018. *See Williams v. Hartford States Attorney Office*, 3:18-cv-1700-KAD (D. Conn.) ("*Williams III*"). This suit sought $78 million from 14 named defendants for much the same misconduct as alleged in the complaint in *Williams I*. On October 25, 2018, Judge Dooley dismissed the entire complaint on grounds that it was barred by the doctrine of *res judicata*. Judge Dooley noted that "[t]he first case [*Williams I*] was dismissed with prejudice because the plaintiff elected to submit falsified evidence in support of his constitutional claims," that Williams "now seeks a second opportunity to relitigate those same claims and additional claims which he could have asserted in the previous action," and that Williams' claims "are barred by the doctrine of *res judicata.*" *Williams III*, 2018 WL 5299711, at *2 (D. Conn. 2018) (Doc. #8).

### *The current district court action*

The current action before me was filed on March 26, 2019. It seeks $45.7 million in damages against 14 defendants. Much of the complaint repeats allegations made in *Williams I* through *III*; new allegations concern the opening of Williams' incoming legal mail in December 2018, and prison officials' decision to transfer Williams to Brooklyn Correctional Institution to participate in a sex offender treatment program as retaliation, Williams claims, for pursuing the *Williams I* litigation against them. Doc. #11 at 42-52 (¶¶ 107-34).

## DISCUSSION

Federal law allows a plaintiff to proceed *in forma pauperis* if the plaintiff is unable to pay a federal court's filing fee. *See* 28 U.S.C. 1915. This allowance, however, is subject to limitation if the prisoner is a "frequent filer" with a history of repeatedly bringing actions or appeals that are frivolous, malicious, or that fail to state a claim. *See Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010). Specifically, a prisoner is subject to a "three strikes" rule that bars him from receiving the benefit of *in forma pauperis* status if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). Although the Court has previously granted Williams' motion for *in forma pauperis* status, Doc. #6, this status may be revoked if it is subsequently determined that a plaintiff is subject to the three strikes rule. *See Stanley v. Taylor*, 2016 WL 1408078, at *5 (D. Conn. 2016).

As an initial matter, there is nothing in Williams' complaint to suggest that he is in "imminent danger of serious physical injury," such that he would qualify for the statutory exception to the three strikes rule. The complaint exclusively pleads economic and emotional harm stemming from his transfer to a new prison, various comments made by defendants calling Williams a "rapist," and the aforementioned alleged mail tampering. Doc. #1. The only question, then, is whether Williams has accumulated three or more strikes that render him subject to revocation of his *in forma pauperis* status. I will consider each of his prior actions and appeals in turn.

### *The* Williams I *district court action*

In *Williams I*, Judge Thompson dismissed certain of Williams' claims for failure to state a claim, *see Williams I*, Docs. #8, #75, #185, #186, then granted summary judgment against Williams with respect to a number of defendants, *Williams I*, 2017 WL 11448086 (Doc. #412); *Williams I*, 2017 WL 11448157 (Doc. #413), before ultimately dismissing the entire case as a sanction for Williams' repeated acts of perjury and falsification of evidence. *Williams I*, 2018 WL 8731546 at *3.

These successive rulings raise a preliminary question of how to decide what counts as a strike for purposes of the three strikes rule. If only *part* of an action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," does this count as a strike, or must the *entire* action have been dismissed on such grounds? The Second Circuit has recently answered this question, ruling that "a prisoner's entire 'action or appeal' must be dismissed on a § 1915(g) ground to count as a strike under the PLRA," and that "mixed dismissals are not strikes under [section 915(g)]." *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019) (*per curiam*).

At first glance, it appears that the *Williams I* action would not count as a strike because of its "mixed dismissal" quality. Judge Thompson dismissed some of the claims for failure to state a claim at or near the outset of the action, but then later advanced to an evaluation of the evidentiary sufficiency of some of the claims at the summary judgment stage. As the Second Circuit made clear in *Escalera*, a grant of summary judgment, even against a plaintiff, is not a strike when it is based on "evaluating the record and determining that the evidence did not support the claim" rather than a finding that the claims were frivolous or malicious. *Id*. at 383. (cleaned up).

Yet this is not an ordinary case, because Judge Thompson's ultimate order dismissing the entire case under Fed. R. Civ. P. 11 with prejudice as a sanction casts a new light on the nature of the prior "mixed dismissal" dispositions. As Judge Thompson's ruling noted, the sanctions order in *Williams I* was requested even by those defendants who had prevailed at summary judgment, because the acts of document falsification and perjury infected the entire summary judgment proceeding. *See Williams I*, 2018 WL 8731546, at *1 n.1. When Judge Thompson dismissed the entire action on Rule 11 grounds, it amounted to a functional substitution of the sanctions order of dismissal for the prior, nonfinal summary judgment and dismissal orders. The whole case was dismissed on independent grounds as a sanction for fraud on the court.[4]

The question, then, is whether Judge Thompson's dismissal of *Williams I* under Rule 11 as a sanction for fraud on the court qualifies the action as a "strike"—that is, does it warrant the conclusion that the entire action was dismissed as section 1915(g) requires "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted"? The answer to this question is "yes," because the Rule 11 dismissal was the equivalent of a dismissal on grounds that the action was "malicious" within the meaning of section 1915(g).

"Although there is considerable authority defining frivolous actions, the judiciary has not devoted a commensurate amount of time and attention to the interpretation of what [the *in forma pauperis* statute] means by the term 'malicious.'" *Cain v. Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (internal quotations omitted). The Second Circuit does not appear to have defined when an action is "malicious" for purposes of section 1915(g), but it has held that a particular suit was

---

[4] Of course, Judge Thompson could well have issued his Rule 11 inquiry sanctions order of dismissal *before* he ruled on the merits of Williams' claims at the summary judgment stage, in view that the defendants' reply briefing on summary judgment alleged that Williams had falsified one of the summary judgment exhibits. *Williams I*, Doc. #352 at 4-5. It should make no difference that Judge Thompson instead chose to evaluate the merits of the case on summary judgment before conducting a hearing to decide if Williams had perpetrated a fraud on the court.

8

"malicious" when "the manifest purpose of appellant's complaint was not to rectify any cognizable harm, but only to harass and disparage" the defendant. *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). Likewise, the Second Circuit ruled in a summary order that the vexatious filing of duplicative suits is "malicious" for purposes of dismissal pursuant to 28 U.S.C. § 1915(e)(2). *See Coon v. Bowen*, 181 F.3d 82 (2d Cir. 1999).

These cases illustrate that although the outer bounds of "malicious" litigation are not well defined, *see Spencer v. Rhodes*, 656 F. Supp. 458, 461-2 (E.D.N.C. 1987), *aff'd*, 826 F.2d 1061 (4th Cir. 1987), "an abuse of the judicial process can be disposed of [as 'malicious'] without fear of reprisal in the moral, equitable, or appellate senses." *Id*. at 462. A plaintiff like Williams who tries to litigate a case by means of falsifying a document and then lying about doing so has plainly abused the judicial process. *See United States v. Carrozzella*, 105 F.3d 796, 800 (2d Cir. 1997) (discussing how "fraudulent filings in, or representations to, courts" constitutes an "abuse of process" that is a "serious misuse of judicial or administrative proceedings intended to inflict unnecessary costs or delay on an adversary or to confer undeserved advantages on the actor"). As two federal courts of appeals have ruled, dismissal for abuse of the judicial process is, by its nature, a recognition that the plaintiff's suit is "malicious." *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissal as a sanction for plaintiff's lying under penalty of perjury a dismissal on 'malicious' grounds under section 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Goodvine v. Carr*, 761 F. App'x 598, 600 (7th Cir. 2019) (same).

If dismissals for fraud on the court were, as it were, mere fouls and not strikes, a prisoner seeking to harass defendants would have every reason to falsify documents in civil suits against them. If the fraud was not detected, the prisoner would gain a significant advantage. If it was, the prisoner could simply take the prejudicial dismissal on the chin and try again at taxpayer

9

expense, with a new theory and still new fabrications. Congress meant to provide courts with the power to prevent such abuses of the judicial process. "Dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera*, 144 F.3d at 731. Accordingly, I conclude that Judge Thompson's Rule 11 dismissal of Williams' action qualifies as a strike under section 1915(g).

**Williams I** *appeals*

I next consider whether any of Williams' appeals from Judge Thompson's judgment may count as a strike for purposes of section 1915(g). As the wording of section 1915(g) makes clear, a strike may be based on the bringing of "an action or appeal." The Second Circuit has interpreted this language to mean that a prisoner's frivolous, malicious, or otherwise groundless appeal may qualify as an additional strike even if the prisoner has already accumulated a strike for dismissal of the underlying action from which he appeals. *See Chavis*, 618 F.3d at 167.

As noted above, Williams filed notices of appeal to challenge both Judge Thompson's Rule 11 dismissal order and, several months later, to challenge Judge Thompson's denial of Williams' motion to amend the judgment. The Second Circuit consolidated these appeals and then summarily dismissed them both as lacking any arguable basis in law or fact.

As the Second Circuit has noted, "the very essence of frivolousness within the meaning of section 1915 is the lack of an arguable basis in law or in fact." *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (citing *Nietzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)). Moreover, the Second Circuit has ruled that, even if separate appeals have been consolidated for appeal purposes, if they are all dismissed by means of a single order on the ground that they are frivolous, then all the dismissed appeals count as separate strikes for purpose of section 1915(g).

*Ibid.* (counting as four strikes four appeals that were dismissed as frivolous by the court of appeals in a single order).

It could be argued that *Akassy* is distinguishable on the ground that the four appeals at issue there arose from four separate lawsuits, while in this case the two appeals filed by Williams arose from the same lawsuit. I am not convinced that this is a distinction that makes a difference, because the fact remains that Williams chose to appeal from two different orders issued by the district court. His choice to file multiple frivolous appeals implicates the same concerns that animated Congress to include not just frivolous actions but frivolous appeals within the scope of section 1915(g).

Accordingly, I conclude that the Second Circuit's dismissal of Williams' two appeals from the *Williams I* action on the grounds of frivolousness are two more strikes for purposes of section 1915(g). In conjunction with the first strike from the *Williams I* district court dismissal, this results in three strikes that are sufficient to deny *in forma pauperis* status under section 1915(g). But in the event that I am mistaken, I will go on to consider whether more strikes should be attributed due to the subsequent actions in *Williams II* and *Williams III*.

**Williams II** *district court action*

Williams' second lawsuit, *Williams II*, No. 3:17-cv-2098-KAD (D. Conn.), was the subject of a "mixed dismissal" and does not constitute a strike. At the initial review stage, Judge Dooley dismissed several counts for failing to state a claim. *Williams II*, Doc. #17. Judge Dooley then dismissed all but one of the remaining claims for failure to state a claim, allowing a Fourth Amendment claim for injunctive relief to reclaim intercepted mail to proceed. *Williams II*, Doc. #63. Judge Dooley then dismissed the last of these claims not for want of legal merit but as moot

based on the remaining defendant's showing that the DOC had returned all intercepted mail to Williams. *Williams II*, Doc. #74 at 5; Doc. #85.

Because Williams' suit was dismissed in part for failing to state a claim (a section 1915(g) ground) but also in part for mootness (a non-section 1915(g) ground), it does not constitute a strike. *See Escalera*, 938 F.3d at 383-84 ("mixed" dismissal for failure to state a claim and for lack of federal jurisdiction over a state law claim not a strike absent a showing that "the prisoner's argument for subject matter jurisdiction is so baseless that the action or appeal may be considered 'frivolous'"); *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001) (mootness is jurisdictional). Accordingly, I conclude that the dismissal of *Williams II* does not count as a strike for purposes of section 1915(g).

**Williams III** *district court action*

As noted above, Judge Dooley dismissed *Williams III* on the ground of *res judicata*. *Williams III*, 2018 WL 5299711, at *2. A dismissal of a duplicative action on *res judicata* grounds may be fairly characterized as dismissal on the grounds that the complaint fails to state a claim. *See, e.g.*, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) (describing how a *res judicata* defense may be raised by way of a Rule 12(b)(6) motion to dismiss for failure to state a claim). Alternatively, "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *see also Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (*per curiam*) (noting that "[a] complaint plainly abusive of the judicial process is properly typed malicious" and that "[a] complaint that merely repeats pending or previously litigated claims may be considered abusive").

Not surprisingly, numerous courts have concluded that a *res judicata* dismissal is sufficient to warrant a strike under section 1915(g), because "the filing of a redundant suit after an identical action is dismissed as frivolous typifies the problem that [section 1915(g)] is intended to remedy." *Elufe v. Clauberg*, 2012 WL 1506692, at *1 (S.D.N.Y. 2012) (*res judicata* dismissal constituted a strike); *see also Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (same); *Walker v. Page*, 59 F. App'x 896, 900 (7th Cir. 2003) (same). I agree, and therefore I conclude that the dismissal of *Williams III* constitutes another strike for purposes of section 1915(g).

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff Charles C. Williams is not entitled to the benefit of *in forma pauperis* status because he has accumulated at least four strikes pursuant to 28 U.S.C. § 1915(g), all arising from his prior actions or appeals that were frivolous, malicious, or that otherwise failed to state a claim. Accordingly, the Court VACATES its prior order (Doc. #6) granting Williams *in forma pauperis* status to maintain this lawsuit. If Williams wishes to maintain this lawsuit, he must pay the filing fee to the Clerk of Court by **January 31, 2020**. The Court will likely dismiss this action if the filing fee is not timely paid.

It is so ordered.

Dated at New Haven, Connecticut this 10th day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge